UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH DOLCE,<br><br>      Plaintiff,<br><br>   -against-<br><br>DAVID PEZZOLA, *et al.*,<br><br>      Defendants. | 23-CV-10049 (LTS)<br><br>ORDER OF DISMISSAL WITH<br>LEAVE TO REPLEAD |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Seth Dolce, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction, 28 U.S.C. § 1331. By order dated December 8, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the action for lack of subject matter jurisdiction, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns an alleged breach of contract. Plaintiff names as Defendants the following entities and individuals: (1) Icarus Investment Group ("Icarus") and Icarus CEO David Pezzola, both located in Chicago, Illinois; (2) Primary Capital Partners ("Primary"), Primary founder Salvatore Zizza, and Primary associates Rob Zizza, Chris Zizza, and Richard Hochman, all located in New York, New York; (3) Zizza and Associates, also located in New York, New York; (4) Charles Kramer, Leo Kramer, and Oliver Cramer, all board members of an unidentified Berkeley, California entity; (5) American Street Capital, LLC, Atlas Asset Management, Perseus Holdings II, LLC, Perseus Holdings IV, and Frank Racioppi, all located in Chicago; (6) Cameleo, LLC, located in San Leandro, California; and (7) and two unidentified Doe Defendants.

The following facts are drawn from the complaint.[1] Plaintiff, who resides in New York, New York, and Defendants

> willfully entered into binding agreements . . . [for] the purpose of which confirmed that Icarus and its affiliates understood that Seth Dolce was being retained as an agent for them for the objective of obtaining financing for specific real estate properties owned by Icarus and its affiliates and that Seth Dolce was the only agent for procuring financing against said real estate properties.

(ECF 1, at 5.) These events occurred between 2017 and 2022. Plaintiff contends that "the agreement stipulated compensation to Seth Dolce based on the covenants set forth in said agreement." (*Id.*) Defendants "disregarded the terms set forth in the agreement and deliberately failed to compensate Seth Dolce." (*Id.*) He asserts claims of "deceptive business practices"

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

"fraud in the inducement," and "[u]nclean hand doctrine, [t]ortious interference with contract." (*Id.* at 2.) He seeks $943,000 in damages.

## DISCUSSION

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc, 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Plaintiff invokes this Court's federal question jurisdiction as a basis for

3

the Court exercising jurisdiction, but his claims, which are of tortious conduct and contract disputes, arise under state law. Thus, the Court cannot exercise federal question jurisdiction of his state law claims.

Plaintiff also does not allege facts demonstrating that the Court has diversity jurisdiction of his state law claims. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). For diversity purposes, an individual is a citizen of the State where he "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). A corporation is a citizen of both the State where it is incorporated and the State where it has its principal place of business, generally its headquarters, *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010), and a limited liability company takes the citizenship of each of its members, *Bayerische Landesbank v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 49 (2d Cir. 2012).

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff indicates in the complaint that he and Defendants Primary, Salvatore Zizza, Rob Zizza, Chris Zizza, Richard Hochman, and Zizza and Associates, reside in New York, precluding complete diversity of citizenship. The Court therefore cannot exercise diversity jurisdiction of Plaintiff's state law claims.

## LEAVE TO AMEND

Generally, a district court should allow a *pro se* plaintiff an opportunity to amend a complaint in order "to drop dispensable nondiverse defendants whose presence would defeat

4

diversity of citizenship." *Jaser v. New York Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987). Here, Plaintiff names several New York Defendants, and their presence in this action defeats this Court's diversity jurisdiction. If these parties are dispensable, and Plaintiff wishes to proceed against the remaining defendants, the Court may have diversity jurisdiction of Plaintiff's state law claims. Accordingly, the Court grants Plaintiff 30 days' leave to amend his complaint to drop, if they are dispensable, the New York parties and to plead facts showing that none of the named Defendants, including the LLC companies, reside in New York.[2]

Should Plaintiff amend his complaint, he also must state facts describing the specific conduct of each named defendant, how each defendant breached a contract with Plaintiff, and where the breach occurred.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] As noted above, a limited liability company takes the citizenship of each of its members. *Bayerische Landesbank*, 692 F.3d at 49.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: January 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge