UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SETH DOLCE,<br><br>                           Plaintiff,<br><br>       -against-<br><br>DAVID PEZZOLA, et al.,<br><br>                           Defendants. | 23 Civ. 10049 (LGS)<br><br>ORDER OF SERVICE |

LORNA G. SCHOFIELD, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. He alleges a breach of contract claim under state law. By order dated December 8, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

For the reasons set forth below, the Court (1) dismisses from this action Defendants Charles Kremer, Leo Kremer, Oliver Kremer, Frank Racioppi, Atlas Asset Management, Perseus Holdings II LLC, Perseus Holdings IV, and Cameleo, LLC, for failure to state a claim, and (2) directs the Clerk of Court to effect service on Defendants David Pezzola, Icarus Investment Group, and American Street Capital, LLC.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006).[1]

## DISCUSSION

A. **Charles Kremer, Leo Kremer, Oliver Kremer, Frank Racioppi, Atlas Asset Management, Perseus Holdings II LLC, Perseus Holdings IV, and Cameleo, LLC**

The amended complaint does not state any facts regarding the involvement of Charles Kremer, Leo Kremer, Oliver Kremer, Frank Racioppi, Atlas Asset Management, Perseus Holdings II LLC, Perseus Holdings IV, and Cameleo, LLC, in any conduct involving Plaintiff. Indeed, it is unclear why Plaintiff named these individuals and entities as Defendants. The Court therefore dismisses these Defendants from this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B. **David Pezzola, Icarus Investment Group, and American Street Capital, LLC**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes and citations are omitted.

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

To allow Plaintiff to effect service on Defendants David Pezzola, Icarus Investment Group, and American Street Capital, LLC through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Amended Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against Charles Kremer, Leo Kremer, Oliver Kremer, Frank Racioppi, Atlas Asset Management, Perseus Holdings II LLC, Perseus Holdings IV, and Cameleo, LLC. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is instructed to issue summonses for David Pezzola, Icarus Investment Group, and American Street Capital, LLC, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service. The Clerk of Court also is instructed to mail Plaintiff an information package.

Case 1:23-cv-10049-LGS   Document 7   Filed 02/21/24   Page 4 of 5

Plaintiff may receive court documents by email by completing the Consent to Electronic Service form available here: https://nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf.[3]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff.

SO ORDERED.

Dated:   February 21, 2024
         New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

---

[3] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**DEFENDANTS AND SERVICE ADDRESSES**

1. David Pezzola
   4208-4218 S Michigan Avenue
   Chicago, IL 60653

2. David Pezzola
   641 Lexington Ave, Suite 1702
   New York, NY 10022

3. Icarus Investment Group
   641 Lexington Ave, Suite 1702
   New York, NY 10022

4. American Street Capital, LLC
   121 W Wacker Dr., #2206
   Chicago, IL 60601