**SFBBG**
Schoenberg | Finkel | Beederman | Bell | Glazer LLC

Richard M. Goldwasser
Attorney At Law

300 S. Wacker Drive
Suite 1500
Chicago, IL 60606
T 312.648.2300, Ext. 363
C 312.622.3006
F 312.648.1212
E richard.goldwasser@sfbbg.com

April 25, 2024

**VIA ECF**
Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007
(212) 805-0288

    Re:    ***Seth Dolce v. David Pezzola, Et al.,* Case No. 23–CV–10049-LGS**

Dear Judge Schofield:

    We write on behalf of Defendant Icarus Investment Group, LLC's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Motion"). Pursuant to Section III(C)(2) the Court's Individual Rules and Procedures for Civil Cases, Icarus Investment Group, LLC ("Icarus") submits this pre-motion letter. Icarus accepted service on March 27, 2024, and its Answer to Plaintiff's Amended Complaint is due May 28, 2024, however, the Motion is prepared to be filed *instanter*. Icarus respectfully requests a pre-motion conference regarding its anticipated Motion. Should the Court grant Icarus's request for a pre-motion conference, counsel for Icarus is unavailable April 29 through May 3, 2024, but is available at any other time convenient for the Court.

    Plaintiff, Seth Dolce ("Dolce"), represents himself pro se. Dolce is a mortgage broker and brings a contract claim against Icarus, Pezzola, and American Street Capital, LLC ("American Street Capital"). (ECF No. 5). He claims the Court has jurisdiction pursuant to 28 USC §1332 but fails to allege the citizenship of any member of Icarus, a Wyoming limited liability company. (*Id*.)

    On November 14, 2023, Plaintiff filed his original complaint. (See ECF No. 1). Plaintiff named as Defendants: Icarus, Icarus's CEO David Pezzola ("Pezzola"),



Honorable Lorna G. Schofield
April 25, 2024
Page 2 of 3

Primary Capital Partners ("Primary"), Salvatore Zizza, Zizza and Associates, and Zizza associates Rob Zizza, Chris Zizza, Richard Hochman (collectively "Zizza Defendants"), Charles Kremer, Leo Kremer, Oliver Kremer ("collectively "Kremer Defendants"), American Street Capital, Atlas Asset Management, Perseus Holdings II, LLC, Perseus Holdings IV, LLC, Frank Racioppi, Cameleo, LLC, and two unidentified Doe Defendants.

On January 8, 2024, the Court dismissed Primary Capital Partners and the Zizza Defendants because the Court found it could not exercise diversity jurisdiction over those Defendants. (See ECF No.4). The Court also dismissed Frank Racioppi, Atlas Asset Management Perseus Holdings II, LLC, Perseus Holdings IV, LLC, and Cameleo, LLC for failure to state a claim upon which relief may be granted. (See ECF No. 7). Further, the Court's January 8, 2024, Order directed Dolce "to plead facts showing that none of the named Defendants, including the LLC companies, reside in New York." (See ECF No. 4.)

On February 8, 2024, Plaintiff filed his amended complaint and again claims the Court has diversity jurisdiction pursuant to 28 U.S.C. §1332. (ECF No. 5). However, Plaintiff's amended complaint fails to identify the citizenship of the limited liability company defendants, Icarus and American Steel Capital.

Plaintiff alleges he is a citizen of New York. (See ECF No.5). However, Icarus is also a citizen of New York. Icarus's sole member is Pantheon Group Holdings, LLC ("Pantheon") and one of Pantheon's members is Suja Associates, LLC ("Suja"). Suja's two members are Jim Harris and Susan Harris, who are citizens of New York, making Icarus a citizen of New York. Defendant has obtained signed declarations from Ms. Harris and Mr. Harris which establish they are New York citizens. Icarus is prepared to file the declarations ahead of any pre-motion conference upon the Court's request. Because Plaintiff and Defendant Icarus are both citizens of New York, the parties are not diverse and thus the Court lacks subject matter jurisdiction over this action.

The Second Circuit has held that a federal court must evaluate the citizenship of each member of a limited liability company for the purposes of determining whether diversity jurisdiction exists. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000). Moreover, "if any of an LLC's members are themselves non-corporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC." *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp.3d 408, 410 (E.D.N.Y. 2020).

Honorable Lorna G. Schofield
April 25, 2024
Page 3 of 3

As stated above, not only did Dolce fail to plead the citizenship of Icarus's members, but Icarus is, in fact, a New York citizen as explained above. Therefore, the parties are not diverse, and the Court does not have subject matter jurisdiction under 28 U.S.C. §1332. Because the parties are not diverse, no amendment to the pleading will give the Court jurisdiction over the matter. Moreover, the issue of diversity jurisdiction cannot be deferred to a different juncture of the case.

In accordance with the Court's Individual Rules and Procedures for Civil Cases, if the Court determines Icarus's Motion to Dismiss requires briefing, Icarus submits the following proposed briefing schedule: Icarus's Motion is due the day following the pre-motion conference; Plaintiff's Response to Icarus's Motion is due June 6, 2024; Icarus's Reply in support of its Motion is due June 24, 2024; and Icarus to provide courtesy copies of the fully briefed Motion to the Court on June 25, 2024.

Respectfully submitted,

**SCHOENBERG FINKEL BEEDERMAN BELL GLAZER, LLC**

Richard M. Goldwasser

RMG/tga

cc: Seth Dolce via ECF, FedEx and certified mail.