```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SETH DOLCE, et al.,                                         :
                                    Plaintiffs,             :
                                                            :    23 Civ. 10049 (LGS)
                -against-                                   :
                                                            :         ORDER
DAVID PEZZOLA, et al.,                                      :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on January 28, 2025, Plaintiffs filed a Second Amended Complaint (the "Complaint") against Defendants David Pezzola, Icarus Investment Group, LLC ("Icarus LLC"), and American Street Capital, LLC for breach of contract and related claims.

WHEREAS, on February 11, 2025, Defendants filed pre-motion letters proposing a motion to dismiss, including under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. On February 19, 2025, Plaintiffs filed a response.

WHEREAS, the Complaint alleges subject matter jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

WHEREAS, it is undisputed that Plaintiffs and Defendants other than Icarus LLC are diverse for jurisdictional purposes; Plaintiffs are citizens of New York, and Defendants other than Icarus LLC are not.

WHEREAS, the parties dispute the citizenship of Defendant Icarus LLC.

WHEREAS, diversity jurisdiction requires that all of the adverse parties in a suit be completely diverse with regard to citizenship. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019). "The citizenship of a limited liability company is determined by the citizenship of each of its members." *Carter v. HealthPort*

*Techs., LLC*, 822 F.3d 47, 60 (2d Cir. 2016);[1] *accord Gianetti v. Teakwood, Ltd.*, No. 21-782-CV, 2022 WL 815793, at *1 (2d Cir. Mar. 18, 2022) (summary order).

   WHEREAS, a plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.  *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016); *accord Algazali v. Blinken*, No. 23 Civ. 6038, 2025 WL 357721, at *2 (S.D.N.Y. Jan. 31, 2025).

   WHEREAS, in reviewing whether it has subject matter jurisdiction, this Court assumes the facts in the Complaint are true, unless contradicted by "more specific allegations or documentary evidence." *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); *accord Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 91 (2d Cir. 2023).

   WHEREAS, the Complaint alleges that Icarus LLC is not a citizen of New York because it is a Wisconsin limited liability company with its principle place of business in Illinois and none of its members are citizens of New York.  The Complaint lists upon information and belief eight members of Icarus LLC, including Kinetix Asset Management LLC.

   WHEREAS, the Complaint alleges upon information and belief that Kinetix Asset Management LLC is a citizen of Illinois, being an Illinois limited liability company with its principle place of business in Chicago, Illinois.  The Complaint alleges upon information and belief that the sole member of Kinetix Asset Management LLC is Jessica Koonz, a citizen of Illinois domiciled in Chicago, Illinois.

   WHEREAS, Defendants state that Icarus LLC's sole member is Pantheon Group Holdings, LLC ("Pantheon").  Defendants state that Pantheon's members include Kinetix Asset

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Management LLC, whose sole member is Jessica (Koonz) Dulgerian, who has been a New York citizen since 2015.  According to Icarus, Ms. Dulgerian has confirmed her New York citizenship through signing a declaration, which can be filed upon request.  If Ms. Dulgerian was a citizen of New York on November 14, 2023, when the Complaint was filed, the parties are not fully diverse, and the Court lacks subject matter jurisdiction.

WHEREAS, the allegations in the Complaint about the citizenship of the members of Icarus LLC cannot be taken as true because they are controverted by Defendants' specific allegations and evidence brought by Defendants.

WHEREAS, at this time, Plaintiffs have not met their burden of showing that subject matter jurisdiction exists.  It is hereby

**ORDERED** that by **March 12, 2025**, Defendants shall file a copy of Ms. Dulgerian's declaration, along with a declaration from whoever procured it and from each person who transmitted it (in effect authenticating it by chain of custody).  By **March 19, 2025**, the parties shall meet and confer in an effort to agree on whether the Court has subject matter jurisdiction, and if necessary, to obtain any further information necessary to agree.  By **March 26, 2025**, the parties shall file a joint status letter proposing next steps.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 30 and 60.

Dated: March 6, 2025
      New York, New York

                                               LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE