SFBBG
Schoenberg | Finkel | Beederman | Bell | Glazer LLC

**Dean C. Kalant**
Attorney At Law

300 S. Wacker Drive
Suite 1500
Chicago, IL 60606
T 312.648.2300, Ext. 133
D 312.775.3638
C 312.259.8398
F 312.648.1212
E dean.kalant@sfbbg.com

March 24, 2026

VIA ECF
Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: ***Tribeca Capital, LLC v. David Pezzola, et al., Case No. 23—CV—10049-LGS***

Dear Judge Schofield:

Defendant David Pezzola submits this letter in response to plaintiff's March 20, 2026 pre-motion letter (ECF 136) and the Court's March 23, 2026 Order (ECF 137).

On February 19, 2026, the parties reached a settlement in principle to resolve all pending claims in this action. At that time, and in discussions preceding the parties' agreement, counsel for Pezzola made clear that the persons and entities previously identified by plaintiff as defendants in this case and/or as purported parties to the fee agreements at issue must be included in the release in order to avoid future litigation. Since February 24, 2026, counsel for Pezzola has diligently prepared and circulated multiple drafts of the settlement agreement, along with a separate but related mutual release agreement between plaintiff and the above-mentioned third parties. On March 20, 2026 (before plaintiff filed its letter motion), at plaintiff's counsel's request, Pezzola's counsel incorporated additional language into the settlement documents to address what was understood to be plaintiff's counsel's final comments. At that time, Pezzola's counsel also confirmed that Pezzola was prepared to sign the settlement documents, and he remains ready to do so.

With respect to timing, plaintiff and co-defendant American Street Capital LLC ("ASC") still must confirm whether they approve Pezzola's March 20, 2026 versions of the settlement documents.[1] The aforementioned third parties also need to be contacted regarding the release

[1] ASC's counsel experienced a sudden death in the family, and Pezzola is sensitive to that circumstance. As to plaintiff, its counsel did not object to Pezzola's March 20 revisions to the settlement documents that plaintiff's counsel requested, but indicated that plaintiff needed to review them.

agreement, which should occur only after plaintiff and ASC confirm whether they approve the latest versions of the settlement documents.

Given the above, Pezzola anticipates all settlement documents can be finalized and executed by April 10, 2026, and respectfully proposes the Court enlarge its deadline to complete the settlement to that date.

Respectfully submitted,

**DAVID PEZZOLA**

/s/ *Dean C. Kalant*
One of his Attorneys

Richard M. Goldwasser
Dean C. Kalant
**SCHOENBERG FINKEL BEEDERMAN BELL GLAZER LLC**
300 S. Wacker Drive, 15th Floor
Chicago, Illinois 60606
(312) 648-2300