SCARINCI | HOLLENBECK LLC
ATTORNEYS AT LAW

519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
866.928.7687 ◦ sh-law.com

Application **GRANTED** for substantially the reasons stated in this letter. The filing at Dkt. 169 may be filed under seal.

The Clerk of Court is respectfully directed to close the motion at Dkt. 168.

Dated: September 17, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

DAN BRECHER | Counsel
Chair, Securities & Investment Banking Group
dbrecher@sh-law.com
Phone: 212-286-0747
Cell: 917-861-5057

September 16, 2026

**VIA ECF**
Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, New York 10007

Re: ***Tribeca Capital, LLC v. David Pezzola, et al.*; Case No. 23-cv-10049-LGS**

Dear Judge Schofield:

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, Standing Order 21-mc-13, and Section 6 of the SDNY Electronic Case Filing Rules & Instructions, plaintiff Tribeca Capital LLC respectfully moves for leave to file under seal its Memorandum of Law in Support of plaintiff's Motion to Reopen and opposition to Defendants' Motion to Enforce Settlement Agreement, Declarations of Seth Dolce and of Dan Brecher and supporting exhibits attached thereto (collectively, the "Motion Support Filings"). The proposed sealed documents will be contemporaneously filed through ECF and related to this letter motion.

The Motion Support Filings concern the plaintiff's application to reopen the action and dispute the enforceability of a proposed settlement the parties contemplated would remain confidential. They necessarily describe and quote attorney-client communicaions, nonpublic settlement communications, negotiating positions, proposed settlement terms, the circumstances surrounding counsel's settlement authority, and how the parties' efforts to memorialize and implement the proposed agreement went awry. Those matters are interwoven throughout the Memorandum, declaration, and exhibits. Public filing would disclose the settlement information whose confidentiality is at issue, while line-by-line redaction would require pervasive redactions that would substantially obscure the filings and risk inadvertent disclosure.

The request also preserves privilege protections, including those already asserted during discovery. Certain exhibits consist of documents produced in response to a subpoena *duces tecum* served on plaintiff's former counsel, Paula A. Miller. Certain documents contain redacted portions on attorney-client privilege grounds. Plaintiff will file those exhibits in redacted form..

Plaintiff recognizes the public right of access to judicial documents. Here, however, sealing protects nonpublic settlement communications and asserted privilege while the Court decides whether the proposed settlement is enforceable. *See In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016) ("The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement . . . ."). Because the settlement facts, terms, and communications permeate the Motion Filings, sealing them in full is the most practical means of protecting those interests at this stage.

Accordingly, Plaintiff respectfully requests leave to file the Motion Filings under seal, accessible only to the Court and the persons identified in Appendix A. If the Court is not inclined to permit sealing in full, Plaintiff alternatively requests that the Motion Support Filings remain temporarily sealed while Plaintiff submits any public, narrowly redacted versions the Court directs.

Respectfully,

S/ ***DAN BRECHER***
Dan Brecher

cc: Counsel of Record (via ECF notification)

# APPENDIX A

## Persons Authorized to Access Sealed Documents

| Name | Status |
|---|---|
| David Pezzola | Party |
| Tribeca Capital, LLC | Party |
| Dean C. Kalant | Attorney |
| Richard M. Goldwasser | Attorney |
| Dan Brecher | Attorney |
| Keven Bezentzy | Attorney |