LB&C
Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
3 Huntington Quadrangle, Suite 102 S, Melville, New York 11747
T.516.294.8844 F.516.294.8202
www.lbcclaw.com

Marian C. Rice
Partner
mrice@lbcclaw.com

Writer's Direct Dial
(516) 837-7415

October 7, 2026

***BY ECF ONLY***

Hon. Lorna G. Schofield
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

The parties shall meet and confer and, **by October 15, 2026**, submit a joint letter responding to PAMPC's request. To the extent the parties disagree, the letter should identify each party's position. So Ordered.

Dated: October 8, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

RE: *Tribeca Capital, et al v. David Pezzola, et al.*
Case No. 23-cv-10049 (LGS)

Dear Judge Schofield:

We represent non-parties Paula A. Miller P.C. and Paula A. Miller (collectively "PAMPC"), former counsel for the Plaintiffs in this matter. We make this application seeking an Order directing counsel representing Plaintiffs, PAMPC's former clients, to provide PAMPC an unredacted copy of all papers filed under seal on the motions to restore the matter to the court's calendar and the motion to compel enforcement of the settlement. ECF Nos. 162, 163, 164, 169, 171, 173 and 174 (the "Motion Papers").

**<u>Procedural History</u>**

Following an irreconcilable breakdown in the attorney-client relationship between PAMPC and Plaintiffs, PAMPC filed a motion to withdraw as counsel. ECF No. 141. The procedural history of the litigation up to that point is contained in the supporting affirmation of Ms. Miller. *Id.*

By Order, dated April 7, 2026, the Court granted the motion to withdraw, holding PAMPC had demonstrated good cause for withdrawal. ECF No. 142. Finding that PAMPC and

Ms. Miller had not been discharged for cause, the Court also granted PAMPC a charging lien under N.Y. Judiciary Law § 475 up to the value of the legal fees and disbursements due as of April 6, 2026, as well as a retaining lien *Id.*

On May 11, 2026, Dan Brecher of Scarcini & Hollenbeck filed a notice of appearance on behalf of Plaintiffs (ECF No. 146). On May 12, 2026, Mr. Brecher filed a motion to reopen the matter which included unnecessary false and derogatory statements about my clients. ECF No. 146. To correct the record and protect the charging and retaining liens granted by the Court, PAMPC responded to the May 12, 2026 letter application. ECF No. 151.

On May 22, 2026, the Court granted Defendants' request for leave to file a motion to enforce the settlement. ECF No. 154. The briefing deadlines set by the Court were re-scheduled on a few occasions while Defendants served a subpoena upon PAMPC, primarily seeking communications relating to the settlement. A response to the subpoena was served and, as per the agreement of the parties, the responsive documents were delivered to Mr. Brecher for a privilege review.

Upon information and belief, that privilege review was completed, documents were produced and counsel representing the Defendants moved to compel the settlement. ECF Nos. 162, 163 and 164. Plaintiffs opposed the motion on September 16, 2026. ECF Nos. 169 and 171. Defendants filed reply papers on October 2, 2026. ECF Nos. 173 and 174.

At the parties' request, the Court permitted the Motion Papers to be filed under seal since the submissions addressed non-public settlement discussions and might impact the ordinarily privileged communications between PAMPC and Plaintiffs. ECF Nos. 165, 170 and 175.

**Argument**

PAMPC has a legitimate interest in reviewing the content of the Motion Papers to protect the charging and retaining liens ordered by the Court and given the misleading statements contained in the May 12, 2026 letter (ECF No. 146). *See, Lombardo v. JPMorgan Chase Bank, N.A., No.* 20 CV 6813 (VB), 2025 U.S. Dist. LEXIS 39987 (S.D.N.Y. Mar. 5, 2025) (Recognizing former counsel's interest in motion to enforce settlement to protect lien awarded by the court for fees); 22 N.Y.C.R.R. 1200, Rule 1.6(b)(55)(i) and (ii) (A lawyer may reveal or use confidential information "(i) to defend the lawyer … against an accusation of wrongful conduct; or (ii) to establish or collect a fee").

After Defendants filed their motion to compel the settlement, on August 17, 2026, we reached out to Defendants' counsel and requested a copy of the moving papers. Counsel had no issue providing a copy of the Motion Papers to PAMPC but indicated he needed the consent of Plaintiffs' counsel. After follow-up, on August 27, 2026, Mr. Brecher declined to consider PAMPC's request until after the Court's decision on the two pending motions.

Ms. Miller and PAMPC do not oppose the sealing of the related documents. However, since the stated grounds for the sealing order – discussion of confidential settlement communications and my clients' ordinarily protected communications with Plaintiffs – do not apply to PAMC and Ms. Miller who were directly involved in these communications, it is requested that the Court direct counsel to provide an unredacted copy of ECF Nos. 162, 163, 164, 169, 171, 173 and 174 so that PAMPC can determine if intervention is appropriate to defend against allegations of wrongful conduct or to protect the lien granted by the Court.

Thank you for your consideration of this request.

Very truly yours,

MARIAN C. RICE

MCR:dm