UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRIBECA CAPITAL, LLC, Plaintiff, -against- DAVID PEZZOLA et al., Defendants. | 23 Civ. 10049 (LGS) **ORDER** |

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on April 3, 2026, Attorney Paula Miller filed a motion to withdraw as attorney for Plaintiff Tribeca Capital, LLC. The motion requested (i) permission to withdraw as counsel, (ii) a thirty-day stay for Plaintiff to retain new counsel, (iii) imposition of a charging lien and (iv) a retaining lien for legal services rendered and disbursements. Attorney Miller's affidavit in support of the motion described a complete breakdown of the attorney-client relationship because of irreconcilable differences with Plaintiff.

WHEREAS, an Order dated April 7, 2026, granted Attorney Miller's motion to withdraw and the applications for a charging lien and a retaining lien. The Order concluded, based on Attorney Miller's motion and supporting documents, that Attorney Miller was not discharged for good cause and had demonstrated good cause for her withdrawal. *See Privado Mktg. Grp. LLC v. Eleftheria Rest Corp.*, No. 13 Civ. 3137, 2016 WL 11947502, at *2 (S.D.N.Y. Nov. 4, 2016) ("Attorneys who terminate their representation are still entitled to enforce their charging liens, as long as the attorney does not withdraw without good cause and is not discharged for good cause."); *Resol. Tr. Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991) ("Under New York law, a retaining lien entitles an attorney to keep, as security against payment of fees, all client papers and property, including money, that come into the attorney's possession in the course of

employment, unless the attorney is discharged for good cause."); *accord Whitfield v. City of New York*, No. 20 Civ. 4674, 2026 WL 550122 (S.D.N.Y. Feb. 27, 2026).

WHEREAS, on May 11, 2026, Plaintiff's new counsel, Attorney Dan Brecher, filed a motion to reopen the case pursuant to Federal Rule of Civil Procedure 60(b). The Motion to Reopen argues that Attorney Miller "lacked the actual authority to agree to or enter into the unsigned and unfinalized proposed settlement agreement" and had pressured Plaintiff to accept an amount lower than authorized, and further details her alleged misconduct. In a letter filed May 14, 2026, Attorney Miller denied the assertions in the Motion to Reopen and offered to submit documentary evidence demonstrating their falsity or to appear for a conference to address and refute them.

WHEREAS, Defendants opposed the Motion to Reopen and filed motions to enforce the parties' settlement agreement.

WHEREAS, in opposition to Defendants' motions to enforce the settlement agreement, Plaintiff requested that the retaining lien granted to Attorney Miller "be vacated and withdrawn" due to "Miller's misleading motion and declaration submitted to the Court in seeking [the lien]," and that the Court "allow that any disputed fee be directed to be heard pursuant to 22 NYCRR § 137 *et seq*." In its enumerated requests for relief, Plaintiff then requested that the Court "[v]acate the award of a charging lien and direct the parties to the fee dispute resolution process as set forth in 22 NYCRR § 137 *et seq*." It is hereby

**ORDERED** that, by **November 17, 2026**, Plaintiff shall file a letter, not to exceed three pages, indicating which lien or liens it challenges. The letter shall include legal authority that supports its challenge. Plaintiff's letter shall also state the amount of fees in dispute and append as exhibits documentary evidence supporting Plaintiff's lien application.

**ORDERED** that Attorney Miller shall file any response, also not to exceed three pages, by **November 24, 2026**.

Dated: November 10, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE