LB&C
Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**
3 Huntington Quadrangle, Suite 102 S, Melville, New York 11747
T.516.294.8844 F.516.294.8202
www.lbcclaw.com

Marian C. Rice
Partner
mrice@lbcclaw.com

Writer's Direct Dial
(516) 837-7415

November 13, 2026

Application **GRANTED in part and DENIED in part**. Plaintiff's submission regarding the lien is due **November 24, 2026**. PAMPC's deadline to respond is **December 10, 2026**. Briefing on the lien issue will not otherwise be deferred. Plaintiff shall, by **November 18, 2026**, produce to PAMPC any copies of taped conversations between Mr. Dolce and PAMPC.

The Clerk of Court is respectfully directed to close the motion at Dkt. 185.

Dated: November 16, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

***BY ECF ONLY***

Hon Lorna G. Schofield
United States District Court Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Tribeca Capital, et al v. David Pezzola, et al.*
Case No. 23-cv-10049 (LGS)

Dear Judge Schofield:

We represent non-parties Paula A. Miller P.C. and Paula A. Miller (collectively "PAMPC"), former counsel for the Plaintiffs in this matter. We make this application on two issues related to the Order filed yesterday (ECF No. 184) directing new counsel for the Plaintiffs. Mr. Brecher, to file a separate application supporting his contention that the lien awarded to PAMPC by the Court should be vacated.

First, Plaintiffs have placed before the Court selected snippets of surreptitiously taped conversations between Plaintiff Dolce and Ms. Miller. The snippets. which were provided to us as part of the meet and confer following our prior application (ECF No. 176), are taken entirely out of context. It is requested that the Court direct Plaintiffs to produce verbatim copies of all taped conversations between Mr. Dolce and PAMPC, together with a sworn statement of the provenance and chain of custody, so that PAMPC may present to the Court the full context of the communications before a decision is made on the validity of PAMPC's lien. Alternatively, we ask to join in the application filed by Defendants seeking leave to file a motion to compel production of all the tapes (ECF No. 180) and defer briefing on the lien issue until the motion to compel is heard and determined.

On the other hand, if Plaintiffs agree to produce the requested recordings to PAMPC, then we do not need to defer briefing on the lien issue except with respect to the second prong of my application.

Second, in the event the Court does not grant the relief related to the production of the tapes and the deferral of the lien issue raised by Mr. Brecher, my clients are actively engaged in trial in the Supreme Court, Queens County under Index No. 721442/2021. It is expected that this trial will proceed through Thanksgiving week. While Ms. Miller expects trial to be concluded by November 30, 2026, she is a sole practitioner and will be inundated with matters adjourned since jury selection commenced on November 4, 2026. As a result, it is respectfully requested that the response date for my clients' submission be extended from November 23, 2026 to December.10, 2026.

Mr. Brecher, Plaintiffs' current counsel has no objection to the second request for relief (although I suspect he does to the first) but asks that the date by which he must file his clients' position on PAMPC's lien be adjourned from November 17 to November 24, 2026. All remaining parties do not oppose this extension request.

Thank you for your consideration of this application.

Very truly yours,

MARIAN C. RICE

MCR:dm