SCARINCI | HOLLENBECK
ATTORNEYS AT LAW
519 8TH AVENUE, 25TH FLOOR
NEW YORK, NY 10018
866.928.7687 · sh-law.com

DAN BRECHER | Counsel
Chair, Securities & Investment Banking Group
dbrecher@sh-law.com
Phone: 212-286-0747
Cell: 917-861-5057

November 24, 2026

VIA ECF

Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1106
New York, New York 10007

Application **GRANTED** for substantially the reasons stated in the letter.

The Clerk of Court is respectfully directed to close the motion at Dkt. 189 and to maintain the seal at Dkt. 190.

Dated: November 25, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: Tribeca Capital, LLC v. David Pezzola, et al.; Case No. 23-cv-10049-LGS

Dear Judge Schofield:

Pursuant to Rule I.D.3 of Your Honor's Individual Rules and Procedures for Civil Cases, Standing Order 21-mc-13, and Section 6 of the SDNY Electronic Case Filing Rules & Instructions, plaintiff Tribeca Capital LLC respectfully moves for leave to file under seal its Letter Response to Your Honor's November 10, 2026 Order directing Plaintiff to file a letter with exhibits in support of Plaintiff's challenge to Attorney Miller's retaining lien and charging lien (collectively, the "Letter Support Filings"). The proposed sealed documents will be contemporaneously filed through ECF and related to this letter.

The Letter Support Filings concern the plaintiff's application to vacate Attorney Miller's liens. They necessarily describe and quote attorney-client communications, nonpublic settlement communications, negotiating positions, proposed settlement terms, the circumstances surrounding counsel's settlement authority, and how the parties' efforts to memorialize and implement the proposed agreement and the attorney-client relationship went awry. Those matters are interwoven throughout the letter and exhibits. Public filing would disclose the confidential attorney-client communications, settlement information whose confidentiality is at issue, while line-by-line redaction would require pervasive redactions that would substantially obscure the filings and risk inadvertent disclosure.

The request also preserves privilege protections, including those already asserted during discovery. Certain exhibits consist of documents produced in response to a subpoena duces tecum served on plaintiff's former counsel, Paula A. Miller. Certain documents contain

redacted portions on attorney-client privilege grounds. Plaintiff will file those exhibits in redacted form.

Plaintiff recognizes the public right of access to judicial documents. Here, however, sealing protects nonpublic settlement communications and asserted privilege while the Court decides whether the proposed settlement is enforceable. See In re Gen. Motors LLC Ignition Switch Litig., No. 14-MD-2543, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016). Because the attorney-client communications, the settlement facts, terms, and text communication permeate the Letter Support Filings, sealing them in full is the most practical means of protecting those interests at this stage.

Accordingly, Plaintiff respectfully requests leave to file the Letter Support Filings under seal, accessible only to the Court and the persons identified in Appendix A. If the Court is not inclined to permit sealing in full, Plaintiff alternatively requests that the Letter Support Filings remain temporarily sealed while Plaintiff submits any public, narrowly redacted versions the Court directs.

I will separately serve the Letter Support Filings by E-mail to Marian Rice, the attorney for Attorney Miller.

Respectfully,

s/ DAN BRECHER
Dan Brecher

cc: Counsel of Record (via ECF notification)

APPENDIX A
Persons Authorized to Access Sealed Documents

David Pezzola - Party
Tribeca Capital, LLC - Party
Dean C. Kalant - Attorney
Richard M. Goldwasser - Attorney
Dan Brecher - Attorney
Keven Bezentzy - Attorney